It is first objected that the act of 1777, the (327) entry law, does not declare such grants as the present to be void, for that the clause in that law declaring all grants issued contrary to the provisions of that act to be void relates exclusively to grants for vacant
land. The act excludes from entry all lands heretofore granted; and the clause in question declares all grants issued contrary to the provisions of that act to be void. This land had been before that time granted; another grant, for it, under color of the provisions of the act, is contrary to such provisions. I think it, therefore, within the act. But, independent of the act, it is void upon common law principles; for either suggestio falsior suppressio veri is sufficient to avoid the grants of the sovereign; and if such maxim is proper in a regal government, where there is a permanent person to take care of sovereign rights, a fortiori it is proper in a republican government where there is no such person. This grant being made upon a false suggestion, viz., that the land was vacant, is, therefore void.
The next objection is that it appears that one of the relators is barred of his right to the land by seven years possession thereof by the defendant under the grant. Without deciding whether a possession for seven years or more under a void grant obtained mala fide shows such a want of interest in the person who would be otherwise owner as would induce the court to abstain from acting, as doing an act in no way beneficial to the relator, who is therefore considered as an officious intermeddler — without, I say, deciding this, I think the title of the other relators, whose rights are saved by the proviso of the act of limitations, is sufficient for the court to proceed on. And as the grant cannot be voidas to one person and good as to another, as it may be good for one thingand void as to another, it should be repealed, or rather vacated in the whole, leaving the effect of possession under it before (328) vacation to be settled by future adjudications. The defendant has no right to complain that the grant is taken from him, and that he is left to his possession only; for the principle which restrains a court from acting before it appears that the relator has an interest is not from any tenderness to a defendant, but that the court will not be moved to act at the instance of one in no way interested. It is not the defendant's rights that are regarded, but the useless and unnecessary consumption of time. If the State chooses to act, no relator is necessary. The *Page 180 
question never arises cui bono. She wills it, and the time is her own. I think that the grant should be annulled for all the lands which had been previously granted.
The CHIEF JUSTICE concurred.
PER CURIAM. Affirmed.
Cited: Hoyle v. Logan, 15 N.C. 497; Holland v. Crow, 34 N.C. 280.